# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BRUCE PATRICK HANEY,

                 Plaintiff,

    v.

ROUCH, et al.,

                Defendants.

_____/

CASE NO. 1:10-cv-00457-LJO-GBC PC

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS

(ECF. No. 13)

THIRTY-DAY DEADLINE

## I.    Screening Requirement

    Plaintiff Bruce Patrick Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the first amended complaint, filed January 20, 2011. (ECF No. 13.)

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

2  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

3  (2007)).

4          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

5  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

6  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

7  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

8  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

9  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

10  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

11  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

12  S. Ct. 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14  **II.    Complaint Allegations**

15          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

16  is incarcerated at the California State Prison in Corcoran. He brings this action against Defendants

17  Rouch, J. Moon, and C. Schutt alleging deliberate indifference to his medical needs and retaliation.

18  Plaintiff is seeking injunctive relief and three million dollars in damages.

19          On September 30, 2008, Plaintiff saw Defendant J. Moon for bleeding hemorrhoids and

20  requested that he be allowed a daily shower. Defendant Moon refused to order daily showers, which

21  Plaintiff alleges placed him at risk of getting a staph infection. (First Am. Compl. 5, ECF No. 13.)

22  Defendant Schutt reviewed Plaintiff's inmate grievance and refused to order daily showers and

23  therefore was deliberately indifferent to his medical needs. (Id. at 7.)

24          On August 28, 2009, Plaintiff received a medical chrono from Defendant Rouch informing

25  him that she had changed his housing restrictions, allegedly in retaliation for his filing a grievance

26  against her. (Id., § IV.) Plaintiff claims that Defendant Rouch changed the chrono without

27  examining him or his medical records. The medical chrono has been in place since Plaintiff was first

28  incarcerated due to a spinal injury and numerous doctors have not changed it. (Id. at 5.)

On September 14, 2009, in response to filing a grievance against the removal of his housing restriction, Plaintiff was seen by Defendant Moon who agreed that the housing restrictions were no longer necessary.  Plaintiff alleges that Defendant Moon only agreed to the removal of the housing restriction in response to Plaintiff filing a grievance against him and has exhibited deliberate indifference to Plaintiff's serious medical needs.  (Id. at 6.)  Defendant Moon refused to look at Plaintiff's past medical evaluations or x-rays.  (Id. at 7.)

**III.   Discussion**

**A.   Retaliation**

Plaintiff claims that Defendants Rouch and Moon changed his medical housing chrono in retaliation for his filing grievances against them.  A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Under the liberal standard applied to prisoners proceeding pro se in civil rights actions, Hebbe v. Pliler, 611 F.3d 1202, 1204-05 (9th Cir. 2010), Plaintiff's allegations that Defendants Rouch and Moon changed his medical chrono, which had been in place during his entire period of incarceration, in retaliation for his filing grievances against them is sufficient to state a cognizable claim.

**B.   Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating

that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's claim that due to bleeding hemorrhoids he might be at risk of staph infections due to being denied daily showers is speculative. Plaintiff has failed to show that a substantial risk of serious harm exists. Farmer, 511 U.S. at 837. A difference of opinion between a prisoner and prison medical authorities as to proper treatment fails to give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Plaintiff's disagreement with his physician about how often he needs to shower fails to state a cognizable claim.

Plaintiff's allegations that his current treating professionals have determined that he no longer needs a housing restriction, even though prior physicians had granted the restriction, does not state a cognizable claim. A difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Although Plaintiff states that he has a back injury, the allegations in Plaintiff's complaint fail to show that he was deprived of something sufficiently serious and that the deprivation occurred with deliberate indifference to the inmate's health or safety due to the decision to change his housing

4

1  chrono.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

2      **C.**    **Grievance Process**

3        Plaintiff alleges that Defendant Schutt was aware of his serious health care need to shower

4  daily through the grievance process and was deliberately indifferent.  However, the prison grievance

5  procedure does not confer any substantive rights upon inmates and actions in reviewing appeals

6  cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th

7  Cir. 1993).  Only persons who cause or participate in the violations are liable.  Ruling against a

8  prisoner on an administrative complaint does not cause or contribute to the violation.  George v.

9  Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

10  **IV.**    **Conclusion and Order**

11        Plaintiff's complaint states a cognizable claim against Defendants Rouch and Moon for

12  retaliation in violation of the First Amendment, but does not state any other claims for relief under

13  section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint

14  curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49

15  (9th Cir. 1987).

16        If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

17  against Defendants Rouch and Moon on the First Amendment claim, Plaintiff may so notify the

18  Court in writing.  The other defendants and claims will then be dismissed for failure to state a claim.

19  Plaintiff will then be provided with two summons and two USM-285 forms for completion and

20  return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service

21  of process on Defendants Rouch and Moon.

22        If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but

23  must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or

24  other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true,

25  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

26  . . ."  Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is

27  insufficient to state a claim.  Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature

28  of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d

605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Rouch and Moon for retaliation in violation of the First Amendment; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    February 18, 2011

UNITED STATES MAGISTRATE JUDGE